UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 1 8 1996

Michael N. Milby, Clerk of Court

| | |
|---|---|
| PARK HUNG QUAN,<br> Petitioner,<br><br>v.<br><br>UNITED STATES,<br> Respondent. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. M-93-215<br>§<br>§<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION

Petitioner Park Hung Quan ("Quan") has filed a motion to vacate final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Quan asks the District Court to vacate its previous order dismissing his § 2255 petition and then reenter the order, thereby enabling him to file a timely appeal. Quan asserts that such action is proper because the Clerk failed to notify him of the entry of judgment before the time in which to file a timely appeal expired. As discussed below, because the federal rules of procedure do not permit the relief Quan seeks, his motion to vacate and reenter judgment should be denied.

## BACKGROUND

On March 29, 1991, Quan pled guilty to possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). His plea was part of a plea agreement by which several other felony

counts against him and his wife were dismissed. Quan did not appeal his conviction and sentence, but two and a half years later he sought collateral relief pursuant to 28 U.S.C. § 2255. The basis of his petition was that his trial counsel improperly advised him not to appeal and that the District Court improperly departed upward when applying the Sentencing Guidelines.

On December 9, 1993, Magistrate Judge Mallet (who has since retired) recommended that Quan's petition be summarily dismissed. In response to objections by both Quan and the government, however, the Court held an evidentiary hearing on August 24, 1994 to resolve the issue of whether Quan received and relied upon erroneous advice from his counsel. A superseding report and recommendation was issued on September 1, 1994, recommending denial of Quan's § 2255 petition. Quan again filed written objections. On September 29, 1995, the District Court adopted the Magistrate Judge's recommendation and entered an order denying Quan's petition. The District Court entered an order of dismissal on October 2, 1995 and directed the Clerk to send a copy of the order to petitioner Quan.

On June 17, 1996--259 days after entry of the District Court's order of dismissal--Quan filed the pending motion to vacate the final judgment pursuant to Fed.R.Civ.P. 60(b). Quan claims he did not receive notice of the order of dismissal until June 6, 1996. For purposes of this motion, the Court assumes

Quan received no such notice.[1] Without waiting for a ruling on his Rule 60(b) motion, Quan filed a notice of appeal on July 9, 1996.

## ANALYSIS

Timely notice of appeal is a prerequisite to appellate jurisdiction. Although petitioner Quan's request is framed as a motion to vacate the final order pursuant to Fed.R.Civ.P. 60(b), it is Fed.R.Civ.P. 77(d) that addresses claims that a party failed to file a timely appeal because the Clerk allegedly sent no notice of the entry of judgment. Moreover, his motion is more aptly viewed as a motion to reopen the time to appeal under Fed.R.App.P. 4(a). Nonetheless, whether analyzed under Fed.R.Civ.P. 60(b), 77(d), or Fed.R.App.P. 4(a), Quan's motion seeks relief not permitted by the federal rules under the circumstances here.

1.  **Rule 60(b)**

Quan relies on Fed.R.Civ.P. 60(b) in an attempt to reopen the period for filing notice of appeal.[2] However, his motion

---
[1] It appears that notice of the dismissal order was sent to the attorney appointed to represent Quan at the hearing held before Magistrate Judge Mallet on August 24, 1994. The status of that representation is unclear since after the hearing Quan continued to file papers on his own behalf (including objections to the Magistrate Judge's report). In any event, the analysis that follows would be the same whether Quan was proceeding pro se or with counsel at the time of the dismissal.

[2] Although the Court addresses Quan's Rule 60(b) motion directly and
(continued...)

3

violates a fundamental tenet of Rule 60(b)--namely, that it cannot be used to extend the time to appeal. Lancaster v. Presley, 35 F.3d 229, 231 (5th Cir. 1994), cert. denied, 115 S. Ct. 1380 (1995). The Fifth Circuit recently addressed this point by stating:

> We begin our analysis with the principle, recognized time and again in our case law, that a Rule 60(b) motion may not be used as a substitute for a timely appeal. As we said on one occasion, "Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless."

Latham v. Wells Fargo Bank, 987 F.2d 1199, 1203 (5th Cir. 1993) (citations omitted).

Given the Fifth Circuit's firm rule of not allowing a 60(b) motion to substitute for an appeal, the Court must examine Quan's stated reasons for the motion and determine whether this is an "unusual case" that warrants extraordinary relief. In re Air Crash at Dallas/Fort Worth Airport, 852 F.2d 842, 844 (5th Cir. 1988). The only ground advanced by Quan for granting his motion is that he received no notice of the entry of judgment until the time to appeal had expired. Yet, in Wilson v. Atwood Group, 725 F.2d 255, 257-58 (5th Cir.) (en banc), cert. denied, 468 U.S.

---
[2](...continued)
finds it unavailing, it is doubtful that Rule 60(b) even applies in the context of a § 2255 petition. Rule 12 of the Rules Governing § 2255 Proceedings states that district courts may apply the Federal Rules of Civil Procedure only if no procedure is specifically prescribed by the rules governing § 2255. However, the procedure for filing a timely appeal is specifically addressed in Rule 11 of those rules, which states that Fed.R.App.P. 4(a) shall govern the time for appeal under § 2255. See Mays v. Collins, 887 F.Supp. 942, 946 (N.D. Tex. 1995) (noting in the context of § 2254 that Rule 60(b) was not designed to be a means of enlarging the time for appeal established by Rule 4(a)).

4

1222 (1984), the Fifth Circuit specifically rejected this very argument, holding that failure to receive notice does not justify granting 60(b) relief to extend time for appeal.[3]

## 2. Rule 77(d)

Rule 77(d) of the Federal Rules of Civil Procedure further precludes the relief Quan seeks. The relevant portion of that rule reads: "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed . . . ." Fed.R.Civ.P. 77(d). Indeed, this provision was added specifically to preclude courts from vacating and reentering judgment merely to allow additional time in which to file an appeal. See Advisory Committee Notes.[4] As the Fifth Circuit noted:

> The rule is strict, but its meaning and purpose are plain. We have consistently held that the simple failure of the clerk to mail notice of the entry of judgment, without more,

---

[3]The Fifth Circuit also has held that 60(b) relief is particularly inappropriate where, as here, the movant merely seeks the vacation and reentry of judgment without modification. United States v. O'Neil, 709 F.2d 361, 373 (5th Cir. 1983).

[4]Addressing this very point, the Fifth Circuit stated: "Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry." In re Morrow, 502 F.2d 520, 522 (5th Cir. 1974). The Fifth Circuit's position is consistent with that of most other circuits. As one court observed: "[T]he courts have uniformly held that Rule 77(d) bars Rule 60(b) relief when, as here, the *sole* reason asserted for that relief is the failure of a litigant to receive notice of the entry of an order or judgment." Spika v. Village of Lombard, 763 F.2d 282, 286 (7th Cir. 1985), cert. denied, 474 U.S. 1056 (1986) (italics in original) (citations omitted).

5

> does not permit relief to a party who has failed to appeal within the prescribed time.

Wilson, 725 F.2d at 258 (citations omitted). The court also observed that the Federal Rules Advisory Committee--and the Supreme Court in adopting its recommendations--had chosen "a simple inexorable mandate over a flexible rule." Id. at 258.

### 3. Appellate Rule 4(a)

Quan's Rule 60(b) motion misses the mark for another reason. A motion to extend the deadline to appeal an order denying § 2255 relief is specifically governed by Fed.R.App.P. 4(a)(6). See Rule 11, Rules Governing Section 2255 Proceedings District Court. Given that Quan is now proceeding pro se, his motion will be deemed to be a request to reopen the time for appeal pursuant to Fed.R.App.P. 4(a)(6). See Haines v. Kerner, 404 U.S. 519, 520 (1972) (pro se pleadings should be liberally construed).

Appellate Rule 4(a) states that notice of appeal may be filed within 60 days after entry of judgment when the United States is a party. That time may be extended for 30 additional days if a motion for extension of time is properly filed within 30 days after the expiration of the initial 60 day appeal period. Fed.R.App.P. 4(a)(5). In the event that a party does not receive notice of the entry of judgment from the clerk within 21 days of its entry, however, Rule 4(a)(6) permits courts to reopen the time for appeal briefly if a motion to do so is filed within 180

6

days of the entry of judgment or within 7 days of receipt of such notice, whichever is earlier. The 180 day period is the outer time limit by which the district court is authorized to grant relief.[5]

These statutorily established appeal periods are mandatory and jurisdictional. Allied Steel v. City of Abilene, 909 F.2d 139, 142 (5th Cir. 1990). In other words, courts have neither jurisdiction to hear a case nor discretion to reopen the time for appeal beyond the 180 days stated in Rule 4(a), even if the movant received no notice of the entry of judgment. See Garner v. Klein, 882 F.Supp. 66, 67-8 (S.D.N.Y. 1995) (pro se plaintiff seeking § 1983 remedy was constrained by 180 day "outer time limit" set by Fed.R.App.P. 4(a)(6)). Moreover, a movant's pro se status does not afford him any exceptions to these strict filing deadlines. See Nelson v. Foti, 707 F.2d 170, 171 (5th Cir. 1983); Matarese v. LeFevre, 801 F.2d 98, 107 (2d Cir.), cert. denied, 480 U.S. 908 (1986).[6]

---

[5] The Advisory Committee notes following Rule 4 expressly state: "This provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal."

[6] Federal courts in a number of unpublished opinions have uniformly taken this position in the context of pro se prisoner petitions for collateral relief. See, e.g., United States v. Durr, 1993 WL 210715 (6th Cir. 1993) (unpublished) (noting that pro se prisoner is not entitled to reopening of appeal period under Rule 4(a)(6) because the 180 day period had expired); Gamble v. United States, 1993 WL 55958 (10th Cir. 1993) (unpublished) (stating that the mandate to remedy inartful pro se pleadings by construing them liberally does not permit courts to ignore the time constraints imposed by Rule 4(a)); United States v. Hardy, 1992 WL 21316 (9th Cir. 1992) (unpublished) (declining to give any exemptions from or exceptions to Rule 4(a) in case of pro se petitioner appealing denial of § 2255 petition).

In Quan's case, final judgment was entered on October 2, 1995 and his motion to reopen time to appeal was not filed until June 17, 1996. Quan neither filed a notice of appeal within 60 days of the entry of judgment nor a motion for extension of the time to appeal within 30 days thereafter as required by Rule 4(a). Moreover, Rule 4(a)(6) does not save Quan's claim because his motion was filed 259 days after entry of judgment--i.e., 79 days after the 180 day filing period expired. This delay is fatal to his attempted appeal, notwithstanding the fact that Quan may not have received notice of the judgment until June 6, 1996.[7]

Therefore, even accepting all of Quan's allegations as true, his motion must be denied because it was filed more than 180 days after entry of judgment. While this result may seem harsh, the applicable procedural rules and the important interest in preserving the finality of judgments require it. As the Fifth Circuit stated in a similar context: "A rule that admits equitable considerations might be more desirable than this categorical command. But such values are for the redactors of rules, not their interpreters." Wilson, 725 F.2d at 258.

Finally, although not determinative, it should also be noted that application of these procedural rules does not appear to have deprived Quan of a meritorious appeal or otherwise resulted

---

[7] Furthermore, it appears that granting Quan's Rule 60(b) motion would not provide the relief he requests. The Fifth Circuit has held: "The mere fact that a court re-enters a judgment or revises a judgment in an immaterial way does not affect the time within which litigants must pursue an appeal." Offshore Prod. Contractors Inc. v. Republic Underwriters Ins. Co., 910 F.2d 224, 229 (5th Cir. 1990).

in a miscarriage of justice. In light of the District Court's adoption of the Magistrate Judge's findings and recommendation, it is quite unlikely that Quan could have prevailed on his ineffective assistance of counsel claim. Likewise, there is no merit to his claim that the sentencing guidelines were misapplied, nor is there any suggestion that he is innocent of the charge for which he is imprisoned.

## CONCLUSION

For the foregoing reasons, this Court recommends that Quan's Rule 60(b) motion be denied. The Clerk shall send copies of this Report and Recommendation to petitioner Quan and counsel for the government, who have ten days after receiving it to file written objections pursuant to General Order 80-5. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas, this __14th__ day of November, 1996.

Peter E. Ormsby
UNITED STATES MAGISTRATE JUDGE